UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, | No. 2:14-cv-476-EFB P |
| Plaintiff, | |
| v. | SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| S. TSENG, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel. He commenced this action in the Amador County Superior Court and defendants Tseng, Smiley, and Horowitz removed it to this court on February 13, 2014.[1] Plaintiff has filed a motion for summary judgment and a motion for default judgment. Additionally, the complaint is before the court for screening. For the reasons stated below, both motions must be denied and the complaint must be dismissed with leave to amend.

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Defense counsel represents that all three defendants were served on January 14, 2014. ECF No. 2 at 2, ¶ 3.

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts

/////

which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff alleges that he has degenerative arthritis and that defendant Dr. Horowitz denied his request for pain medication and foot surgery. He does not allege why Horowitz denied his requests. He also alleges that defendant doctors Tseng and Smiley denied his administrative appeals regarding this issue. He does not allege why either defendant denied his appeals. He concludes, however, that their actions amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff also claims that Dr. Smiley is liable as a doctor's supervisor.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,

/////

delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Moreover, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendants Tseng or Smiley simply because they played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Therefore, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Finally, plaintiff's outstanding motions must be denied. In light of this order dismissing the complaint with leave to amend, plaintiff's motion for summary judgment necessarily fails. In addition, plaintiff's motion for default judgment lacks merit, as defendants are not required to respond to the complaint until after the court identifies a cognizable claim, pursuant to section 1915A.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in this action being dismissed for failure to state a claim.

2. Plaintiff's motion for summary judgment (ECF No. 4) and motion for default judgment (ECF No. 8) are denied.

DATED: September 29, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE