1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALONZO JOSEPH,                            No.  2:14-cv-476-EFB P

12                    Plaintiff,

13          v.                                  ORDER AND RECOMMENDATION OF
                                                DISMISSAL PURSUANT TO 28 U.S.C. §
14    S. TSENG, et al.,                         1915A FOR FAILURE TO STATE A CLAIM

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983. [1] After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended

19    complaint.

20          Federal courts must engage in a preliminary screening of cases in which prisoners seek

21    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25    relief."  *Id.* § 1915A(b).

26    _____

27          [1] Defendants did not respond to the court's order directing them to complete and return the
      form indicating either their consent to jurisdiction of the magistrate judge or request for
      reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this
28    case to a district judge.

                                                    1

1    In dismissing the original complaint with leave to amend (ECF No. 11), the court

2  informed plaintiff of the standards governing his intended claims for relief.   Plaintiff's amended

3  complaint fails to correct the deficiencies in his claims.  He alleges in his amended complaint

4  (ECF No. 12) that a podiatrist concluded that surgery on plaintiff's foot would "likely" be needed.

5  Plaintiff claims that defendant Horowitz, a doctor at Mule Creek State Prison, denied plaintiff's

6  request for surgery on the ground that it was not medically necessary because she (Horowitz) felt

7  that plaintiff could perform his daily activities.  Plaintiff claims that defendant Tseng, the chief

8  physician and surgeon, failed to override Horowitz's denial, and that defendant Smiley, the chief

9  executive officer, failed to monitor plaintiff's medical appeal.  Plaintiff alleges that defendants'

10  conduct left him in pain and discomfort and amounted to deliberate indifference in violation of

11  the Eighth Amendment.

12    The court's initial screening order informed plaintiff of the standards applicable under

13  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 and *Twombly*, 550 U.S. at 555-557.  ECF No. 11 at 2-4.

14  Plaintiff was informed that to state a claim his complaint must contain more than "naked

15  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

16  action."  ECF No. 11 at 2 (quoting *Twombly,* 550 U.S. at 555).  He was also cautioned that

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."   ECF No. 11 at 2 (quoting *Iqbal*, 129 S. Ct. at 1949).  After reviewing

19  the complaint, the court found that "the allegations are too vague and conclusory to state a

20  cognizable claim for relief."  ECF No. 11 at 2.  Plaintiff was instructed that he "must allege with

21  at least some degree of particularity overt acts which defendants engaged in that support

22  plaintiff's claim."  *Id.*  As for his specific allegations of defendants conduct, the court explained:

23
      Plaintiff alleges that he has degenerative arthritis and that defendant Dr. Horowitz
24    denied his request for pain medication and foot surgery.  He does not allege why
      Horowitz denied his requests.  He also alleges that defendant doctors Tseng and
25    Smiley denied his administrative appeals regarding this issue.  He does not allege
      why either defendant denied his appeals.  He concludes, however, that their actions
26    amounted to deliberate indifference to his serious medical needs in violation of the
      Eighth Amendment.  Plaintiff also claims that Dr. Smiley is liable as a doctor's
27    supervisor.

28

1   ECF No. 11 at 3.  The court explained that plaintiff may not sue an official on the theory that the

2   official is liable for the unconstitutional conduct of his or her subordinates, *id.* (*citing Ashcroft v.*

3   *Iqbal*, 129 S. Ct. 1937, 1948 (2009)), and added that "[i]n sum, plaintiff must identify the

4   particular person or persons who violated his rights.  He must also plead facts showing how that

5   particular person was involved in the alleged violation."  ECF No. 11 at 3.  It was made clear to

6   plaintiff that "[a]n individual defendant is not liable on a civil rights claim unless the facts

7   establish the defendant's personal involvement in the constitutional deprivation or a causal

8   connection between the defendant's wrongful conduct and the alleged constitutional deprivation."

9   *Id.*, (*citing Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); and *Johnson v. Duffy*, 588 F.2d

10  740, 743-44 (9th Cir. 1978)).

11       As to his claims of deliberate indifference involving Tseng and Smiley, the screening

12  order made clear that plaintiff may not impose liability on defendants "simply because they

13  played a role in processing plaintiff's inmate appeals."  ECF No. 11 at 3 (*citing Buckley v.*

14  *Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a

15  procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does

16  not give rise to a protected liberty interest requiring the procedural protections envisioned by the

17  fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances,

18  without more, is not actionable under section 1983." (internal quotations omitted))).

19       Plaintiff has not cured those deficiencies.  Once again, the allegations in the amended

20  complaint improperly assert liability as to defendants Tseng and Smiley simply because of their

21  alleged roles as a supervisor and a reviewer of plaintiff's inmate appeals.  The allegations also fail

22  to demonstrate that any defendant acted with the requisite state of mind for an Eighth Amendment

23  violation.   The result is that plaintiff again relies on "[t]hreadbare recitals of the elements of a

24  cause of action, supported by mere conclusory statements [which] do not suffice."  *Iqbal*, 129 S.

25  Ct. at 1949.  Though labeled by plaintiff as such, the allegations do not demonstrate that

26  Horowitz's decision to deny plaintiff's request for foot surgery amounted to deliberate

27  indifference.  Rather, the facts alleged demonstrate that the decision was based on her own

28  professional medical opinion, and not a conscious disregard to plaintiff's health and safety.

3

1    Although a podiatrist allegedly determined that plaintiff "will likely require surgical

2    intervention," ECF No. 12 at 5, plaintiff himself points out that Horowitz considered that opinion

3    but ultimately "determined surgery was snot medically necessary. . . ." *Id.*  The complaint is

4    devoid of any allegations showing that Horowitz made that medical judgment out of indifference

5    to plaintiff's medical needs or was ignoring an obvious and urgent need for surgery, or that

6    plaintiff was harmed because ultimately the surgery was not ordered.  Plaintiff has merely alleged

7    a disagreement with the medical opinion of Horowitz and treatment that plaintiff received from

8    the doctors at Mule Creek State Prison, which does not amount to deliberate indifference.

9    *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  For these reasons, the complaint must

10   be dismissed for failure to state a claim.

11    Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is

12   unable to state a proper claim for relief.  Therefore, this action must be dismissed without leave to

13   amend for failure to state a claim upon which relief could be granted.  *See Lopez v. Smith*, 203

14   F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required

15   to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant

16   leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494,

17   497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend

18   the pleading was made, unless it determines that the pleading could not be cured by the allegation

19   of other facts.").

20    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

21   assign a United States District Judge to this action.

22    Further, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 12) be

23   dismissed for failure to state a claim upon which relief may be granted and that the Clerk be

24   directed to close the case.

25    These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

4

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE